## COMMONWEALTH *vs.* HUGH McLOON.

An indictment or complaint which states the year of the commission of the offence in figures only, without prefixing the letters " A. D.," is insufficient.

THE defendant, being convicted in the court of common pleas, on a complaint charging him with unlawfully selling intoxicating liquors " on the fifteenth day of July 1855," moved in arrest of judgment, because the complaint did not sufficiently allege the time when the offence was committed. *Byington,* J. overruled the motion, and the defendant alleged exceptions.

*E. H. Bennett,* for the defendant. Figures to express numbers are not allowable in indictments; but all numbers must be expressed in words at length, except in setting forth a copy of a written instrument. 1 Chit. Crim. Law, 176. 7 Dane Ab. 270, 271. *Finch* v. *State,* 6 Blackf. 533. *Berrian* v. *State,* 2 Zab. 19, 20. And complaints are governed by the same rule. The failure to state that the year is the year of our Lord is of itself fatal, in the absence of any statute provision; *Whitesides* v. *People,* Breese, 4 ; *State* v. *Lane,* 4 Ired. 121 ; though the decisions on this point are not uniform. *Hall* v. *State,* 3 Georgia, 18. *Engleman* v. *State,* 2 Indiana, 91. But notwithstanding the recent departures, in some states, from the ancient strictness, there is no case which goes so far as to hold figures sufficient to express the year, without at least prefixing the letters " A. D."

*J. H. Clifford,* (Attorney General,) for the Commonwealth. The tendency of the modern decisions is to hold figures, distinctly made, sufficient to express dates, and to presume the year to be the year of our Lord, unless otherwise expressed. The letters " A. D." followed by figures expressing the year, have been held sufficient in several states. *State* v. *Reed,* 35 Maine, 489. *State* v. *Hodgeden,* 3 Verm. 481. *State* v. *Seamons,* 1 Greene, (Iowa,) 418. *Kelly* v. *State,* 3 Sm. & Marsh. 518. And this complaint may well be held sufficient, on the principle acted on in *Commonwealth* v. *Clark,* 4 Cush. 596, where this court held that " in a complaint before a magistrate, the letters

A. D., preceding the words expressing the year, are sufficiently certain, having acquired an established use in the English lan-guage."

MERRICK, J.   The time of the commission of an alleged offence ought always to be distinctly stated in a complaint or indictment charging a party with having committed it.   And it should be set forth with such a degree of accuracy and precision, that upon a consideration merely of the facts averred, no doubt could be entertained as to the period really intended.   Archb Crim. Pl. (5th Amer. ed.) 37.   1 Chit. Crim. Law, 217.   Com. Dig. Indictment, G. 2.   This rule in criminal pleading, which is uniformly laid down in all the elementary treatises upon the subject as imperative, is sanctioned by the decisions of this court in cases in which it has been recognized and enforced.   *Common-wealth* v. *Griffin*, 3 Cush. 523.   *Commonwealth* v. *Adams*, 1 Gray, 481.   The rule itself does not appear to have been anywhere doubted ; but questions have sometimes arisen in relation to its observance, and whether particular averments conformed to its requisitions.   Thus it has sometimes been said by judges and determined by courts that it is insufficient to describe the time by the use of numeral letters or figures, but that it must be expressed in words written out at full length.   *Berrian* v. *State*, 2 Zab. 9.

But upon that question we do not think it necessary to indicate any definite opinion ; because, although the indictment against the defendant does not wholly describe in words the time of the commission of the offence imputed to him, its averments, after giving full force to the meaning and signification of the figures made use of, are still obviously incomplete and defective.   The figures " 1855 " are not accompanied by any words or letters, qualifying or expressing their meaning, or indicating the par-ticular era to which they refer.   If it should be said that, notwithstanding this omission, it is not difficult to conjecture truly what was the time intended by the pleader who drew the complaint ; the answer is, that this is not enough.   The rule of law must be complied with ; it does not allow any thing to be left to conjecture.   What was intended should have been intel-ligibly and unambiguously expressed.   Forms and technical

rules may seem sometimes to be unnecessarily strict; but it should be remembered that they were devised as a reasonable security to an individual subject or party, in his contest with the State, when arraigned upon a criminal accusation. They ought not, therefore, to be lightly disregarded or negligently relaxed. To make the allegation of time in the indictment against the defendant sufficient, there should, at all events, have been words, or at least letters, which have acquired an established use in the English language, so added to or connected with the figures contained in it, as to describe or indicate with certainty the era to which it was intended that they should refer. *Commonwealth* v. *Clark*, 4 Cush. 596. For the want of such words or letters of description and explanation, the time of the commission of the alleged offence cannot be considered as having been substantially or formally set out in the indictment; and for that reason it must be held to be erroneous, and insufficient to support a conviction. *Judgment arrested*